UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANHEUSER BUSCH COMPANIES, INC., et al., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:12CV1333 JCH |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA, | ) ) ) ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings for Failure to State a Claim, filed on March 6, 2013.  ("Motion for Judgment on the Pleadings," ECF No. 22).  This motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Anheuser Busch Companies, Inc., n/k/a Anheuser Busch Companies, LLC ("Anheuser Busch") is a limited liability company organized and existing under the laws of the State of Delaware with a principal address in St. Louis, Missouri. (Complaint, ECF No. 1, ¶ 1). Plaintiff Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, Inc. and its Subsidiaries and Group Insurance Plan for Certain Retirees of Anheuser-Busch Companies, Inc. and its Subsidiaries ("Plan") is a welfare benefit plan. (Id., ¶ 2). Defendant Connecticut General Life Insurance Company d/b/a Cigna ("Defendant" or "Cigna") is a corporation organized and existing

---

[1] The facts in the Court's background section are taken directly from Plaintiffs' Complaint.  Defendant has filed an Answer to Plaintiffs' Complaint disputing a number of these facts.

under the laws of the State of Delaware with a principal address in Philadelphia, Pennsylvania. (Id., ¶ 3).

Anheuser Busch provides healthcare and prescription drug benefits to employees, former employees, and eligible dependents ("Participants") through the Plan, which offers multiple healthcare options. (Id., ¶ 6). Except for certain HMO/PPOs offered by Anheuser Busch, the healthcare programs offered to Participants are "self-funded" in the sense that Anheuser Busch and Participants contribute money to the Plan that is used to pay benefits. (Id.). Anheuser Busch is the sponsor and administrator of the Plan and retains and exercises authority and control with respect to the management and administration of the Plan. (Id., ¶ 7).

Anheuser Busch entered into an administrative services agreement ("ASA") with Cigna under which Cigna agreed to administer the Plan on behalf of Anheuser Busch through December 31, 2008. (Id., ¶ 9). Anheuser Busch had the right to extend the ASA for two additional one-year terms, and Anheuser Busch exercised its rights under the ASA and extended the ASA through December 31, 2010. (Id.). Under the ASA, Cigna had discretion and control over the denial or allowance of all claims under the Plan. (Id., ¶ 12). Under the ASA, Cigna agreed to perform its services "consistent with the skill and care reasonably expected of administrators experienced in providing similar services to plans of similar size and characteristics." (Id., ¶ 14). Anheuser Busch had the right to an audit of records under the ASA. (Id., ¶ 18).

In 2010, Anheuser Busch discovered that claims paid by Cigna were excessive when compared to claims paid by other third-party administrators of Anheuser Busch plans and industry norms. (Id., ¶ 19). Anheuser Busch identified about $24 million in "suspect charges." (Id., ¶ 20). Cigna refused to justify any of these charges by providing detailed information about the claims. (Id., ¶ 24).

In June 2011, Anheuser Busch requested that Cigna allow Anheuser Busch to perform a certain type of analysis on the claims that Cigna paid on behalf of the Plan. (Id., ¶¶ 25, 28). Cigna refused to allow Anheuser Busch access to claims information to perform the analysis. (Id., ¶ 29). After much negotiation, Cigna informed Anheuser Busch that it would not support the performance of the analysis and would not otherwise cooperate to resolve the matter. (Id., ¶ 36).

Plaintiffs filed this action in this Court on July 25, 2012. Plaintiffs' Complaint contains two counts: Count I alleges breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and Count II alleges breach of contract under Missouri law. As noted above, Defendant filed its Motion for Judgment on the Pleadings on March 6, 2013.

## STANDARD

"A motion for judgment on the pleadings will be granted only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (internal quotations and citation omitted). In considering the motion, the Court accepts as true all facts plead by the nonmoving party, and draws all reasonable inferences from the facts in favor of the nonmoving party. Franklin High Yield Tax-Free Income Fund v. County of Martin, Minn., 152 F.3d 736, 738 (8th Cir. 1998).

A well-plead complaint need not set forth "detailed factual allegations" or "specific facts" that describe the evidence to be presented, but must include sufficient factual allegations to provide the grounds on which the claim rests. Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Additionally, "only a complaint that

states a plausible claim for relief survives a motion" for judgment on the pleadings. Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 556). "A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." Gregory, 565 F.3d at 473 (internal quotations omitted).

## DISCUSSION

**I.     Count I**

Cigna argues Count I of Plaintiffs' Complaint 1) fails to specify that inadequate processes were in place at the time that the relevant decisions were made as required to plead a claim for breach of fiduciary duty under ERISA, and 2) fails to satisfy the pleading requirements of Iqbal.

To state a claim for breach of fiduciary duty under ERISA, a plaintiff must make a prima facie showing that the defendant acted as a fiduciary, breached its fiduciary duties, and thereby caused a loss to the Plan. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009) (citing Pegram v. Herdrich, 530 U.S. 211, 225-26 (2000)). At this time, Cigna only disputes the issue of breach.

Under ERISA, "a fiduciary shall discharge his duties...with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims...." 29 U.S.C. § 1104(a)(1). The statute's "prudent person standard is an objective standard...that focuses on the fiduciary's conduct preceding the challenged decision." Braden, 588 F.3d at 595 (quoting Roth v. Sawyer-Cleator Lumber Co., 16 F.3d 915, 917 (8th Cir. 1994)). "In evaluating whether a fiduciary has acted prudently, we therefore focus on the process by which it makes its decisions rather than the results of those decisions." Id.

The Court finds Count I of Plaintiffs' Complaint states a claim for breach of fiduciary duty under ERISA and satisfies the pleading requirements of Iqbal. Cigna's arguments collapse into a single inquiry under Rule 8 of the Federal Rules of Civil Procedure:

> Rule 8 does not...require a plaintiff to plead specific facts explaining precisely how the defendant's conduct was unlawful. Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests, and allow the court to draw the reasonable inference that the plaintiff is entitled to relief.

Braden, 588 F.3d at 595 (citations and quotations omitted). Plaintiffs allege they discovered that claims paid by Cigna were excessive when compared to claims paid by other third-party administrators of Anheuser Busch plans and when compared to industry norms, and Plaintiffs allege they identified $24 million in suspect charges. While none of these allegations directly address the processes by which Cigna administered the Plan, it is reasonable to infer that the processes by which Cigna decided which claims to pay were flawed. See id. at 596. Therefore, Plaintiffs' allegations state a claim for breach of fiduciary duty.

**II.    Count II**

Cigna argues Count II of Plaintiffs' Complaint 1) is preempted by ERISA, 2) fails to specify that inadequate processes were in place at the time that the relevant decisions were made, 3) fails to satisfy the pleading requirements of Iqbal, 4) is improper since the ASA provides no right for Plaintiffs to have the analysis they requested, and 5) improperly includes a claim for breach of the implied covenant of good faith and fair dealing, as such a claim is foreclosed by Plaintiffs' allegations of the violation of express contractual provisions.

To prove breach of contract under Missouri law, Plaintiffs must prove 1) the existence and terms of a contract, 2) that Plaintiffs performed or tendered performance pursuant to the contract, 3) that Cigna breached the contract, and 4) damages. Affordable Communities of Missouri v. Fed.

Nat'l. Mortgage Ass'n., __ F.3d __, 2013 WL 1908027, at *4 (8th Cir. 2013) (quoting Keveney v. Missouri Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (quotations omitted)).

The Court finds that, at this stage of the litigation, Count II of Plaintiffs' Complaint survives preemption under ERISA. See Pedre Co., Inc. v. Robins, 901 F.Supp. 660, 666 (S.D.N.Y. 1995) (noting that at the motion-to-dismiss stage, "the evidence has not yet shown whether defendants are fiduciaries. If they are fiduciaries, plaintiffs must plead their injuries under ERISA. If they are not fiduciaries, plaintiffs have no ERISA claim but may proceed at common law.").

The Court also finds Count II of Plaintiffs' Complaint states a claim for breach of contract without specifying that inadequate processes were in place and satisfies the pleading requirements of Iqbal. Again, Cigna's argument collapses into a single inquiry as to the sufficiency of Plaintiffs' factual allegations. Plaintiffs allege that Anheuser Busch entered into the ASA with Cigna under which Cigna agreed to administer the Plan on behalf of Anheuser Busch, that Cigna agreed under the ASA to perform its services "consistent with the skill and care reasonably expected of administrators experienced in providing similar services to plans of similar size and characteristics," that Plaintiffs performed under the ASA, that the claims paid by Cigna were excessive, and that Plaintiffs identified about $24 million in "suspect charges." Plaintiffs also allege that the ASA provided Plaintiffs the right to an audit of records and that Cigna refused to submit to the records analysis proposed by Plaintiffs. These allegations are sufficient to state a claim for breach of contract under Missouri law.

The Court also finds that, drawing all reasonable inferences from the facts in favor of Plaintiffs, Cigna has not established that the ASA does not give Plaintiffs the right to perform the analysis that Plaintiffs requested.

Finally, the Court finds that Plaintiffs' assertion that the ASA specifically gave them the right to perform the type of analysis they requested does not nullify Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. In Missouri, all contracts have an implied covenant of good faith and fair dealing. Glenn v. HealthLink HMO, Inc., 360 S.W.3d 866, 877 (Mo. Ct. App. 2012). To establish a breach of the covenant of good faith and fair dealing, the plaintiff has the burden to establish that the defendant exercised a judgment conferred by the express terms of the agreement in such a manner as to evade the spirit of the transaction or so as to deny the plaintiff the expected benefit of the contract. Mo. Consol. Health Care Plan v. Cmty. Health Plan, 81 S.W.3d 34, 46 (Mo. Ct. App. 2002).

Rule 8(d) of the Federal Rules of Civil Procedure provides as follows:

(2) **Alternative Statements of a Claim or Defense**
A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) **Inconsistent Claims or Defenses**
A party may state as many separate claims or defenses as it has, regardless of consistency.

Plaintiffs may allege that Cigna breached the contract by failing to submit to an analysis expressly provided in the ASA or, in the alternative, that Cigna breached the implied covenant of good faith and fair dealing by engaging in behavior that violated the spirit of the ASA. Therefore, Plaintiffs may plead both breach of contract and breach of the implied covenant of good faith and fair dealing.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings for Failure to State a Claim (ECF No. 22) is **DENIED**.

Dated this 6th day of June, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE